**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

    Plaintiffs/Counter-Defendants,

    v.                                 Case No. 06-11566

COUNTY OF MACOMB,

    Defendant/Counter-Plaintiff.
                                       /

**ORDER DENYING PSE HILLSIDE, LLC'S "MOTION TO INTERVENE
FOR LIMITED PURPOSE OF PARTICIPATING IN SETTLEMENT
NEGOTIATIONS AND IN THE SETTLEMENT APPROVAL PROCESS"**

Pending before the court is PSE Hillside, LLC's ("PSE") motion to intervene, filed October 3, 2006. PSE is an entity created when Palace Sports Entertainment entered into an "Asset Purchase Agreement" ("APA") with Plaintiff Hillside ("Hillside") Productions, Inc. related to the Freedom Hill Amphitheater. Pursuant to that agreement, PSE lays claim to the parking revenue at issue in Hillside's case as an asset pursuant to the APA. PSE argues that it is entitled to intervention by right under Federal Rule of Civil Procedure 24(a), or in the alternative to permissive intervention under Rule 24(b). Defendant Macomb County concurs in the motion. Hillside vigorously opposes the motion. The court will deny PSE's motion.

PSE's extraordinary motion falls outside of the kind of third-party intervention that Rule 24 contemplates and is otherwise unsupported by binding legal authority. PSE's motion does not seek to "intervene in *an action*," Fed. R. Civ. P. 24(a), (b) (emphasis added), according to the plain meaning of those terms, and assume the attendant burdens and benefits of becoming an actual party to the proceedings in the *action*

pending before this court. Rather, PSE specifically requests this unorthodox intervention limited to participation in ongoing, voluntary informal *negotiations* between the present parties that have been undertaken with the assistance of an independent mediator. If the parties to the informal negotiation jointly wished to invite PSE to their party, they are capable of doing so. Nothing in Rule 24, however, or in any other authority that PSE presents, authorizes or persuades this court to accept PSE's request and allow it to crash the gate. The court therefore need not analyze the arguments that the parties make concerning intervention by right and permissive intervention under Rule 24.

IT IS ORDERED that PSE's "Motion to Intervene for Limited Purpose of Participating in Settlement Negotiations and in the Settlement Approval Process" [Dkt #22] is DENIED.

S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 25, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 25, 2006, by electronic and/or ordinary mail.

S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522