UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

        Plaintiffs/Counter-Defendants,

Case No. 06-11566

    v.

COUNTY OF MACOMB,

        Defendant/Counter-Plaintiff.
                                            /

**OPINION AND ORDER GRANTING PLAINTIFFS'
MOTION "FOR PARTIAL SUMMARY JUDGMENT"**

Pending before the court is Plaintiffs' motion for partial summary judgment, requesting that this court grant it certain parking revenues under the terms of the parties' contractual relationship. Defendant offers a competing interpretation of the relevant agreement. The court, having reviewed the parties' briefs, concludes that a hearing is not necessary. *See* E.D. Mich. LR 7.1(e)(2). The court will, for the reasons stated below, grant Plaintiffs' motion.

**I. BACKGROUND**

The parties entered into an agreement on May 19, 1999 that called for Hillside Productions, Inc. ("Hillside") to operate the Freedom Hill Amphitheater, which is located at Freedom Hill County Park. (Sublease Agreement at 1, Pls' Ex. 1.) As sublessee, Hillside, "its agents, employees, customers, and invitees shall have joint access with [Defendant] to the entire Park, and to *the parking lot* for use thereof." (*Id.* (emphasis added.) The agreement further provided that Defendant would "determine, collect and retain all parking fees for all events scheduled by [Hillside]" and that Hillside would not

increase the parking fees and would guarantee a minimum in annual parking fees for Defendant. (*Id.* at 2.)

On March 21, 2000, the parties amended the agreement and extended its term of years. (Amend. to Sublease Agreement, Pls' Ex. 2.) The parties amended the agreement a second time on March 29, 2001, (Second Amend. to Sublease Agreement, Pls' Ex. 3) ("Second Amendment"), and this agreement is the subject of the instant motion. The Second Amendment acknowledges the parties' prior relationship and states that "[t]he property leased under the Sublease Agreement is the fenced Amphitheater area . . . ." (*Id.* at 1.) It further states that Hillside made certain improvements to the Amphitheater and to the Park. (*Id.*) "[I]n consideration of the foregoing, and in further consideration of the mutual covenants contained herein," Hillside and Defendant agreed to a number of new terms and conditions. (*Id.*) Regarding parking revenues, the parties do not dispute the accuracy of the following language:

> The County shall continue to collect the parking fees for all events at Freedom Hill County Park, including the Freedom Hill Amphitheater. The determination of parking rates shall be made mutually by the County and Hillside. Parking revenues shall be divided on the following basis during the remaining term of the Sublease Agreement; 75% to Hillside; 25% to the County; provided, however, Hillside guarantees the County shall receive parking revenues in the minimum amount of $125,000 per year during the remaining term of the Sublease Agreement.

In addition, the Second Amendment expressly deleted two paragraphs of the original Agreement that designated all parking revenue for Defendant. (*Id.*) Plaintiffs argue that the plain meaning of above language is beyond dispute and that they are entitled to all parking revenue collected on the Park after the Second Amendment was signed. (Pls'

2

Br. at 3-7). Defendants contend that, when read in context, the above language only entitles Plaintiffs to all parking revenue for Hillside-sponsored events and that at a minimum there is a question of fact concerning the meaning of "[p]arking revenues." (Def.'s Br. at 12-14.)

## II.  STANDARD

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). The existence of some factual dispute, however, does not defeat a properly supported motion for summary judgment; the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict-'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'"). A fact is "material" for purposes of summary judgment when proof

of that fact would have the effect of establishing or refuting an essential element of the claim or a defense advanced by either party. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984).

In considering a motion for summary judgment, the court must view the facts and draw all reasonable inferences from those facts in a manner most favorable to the nonmoving party. *Wexler v. White's Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)). The court is not to weigh the evidence to determine the truth of the matter, but must determine if there is a genuine issue for trial. *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003).

### III.  DISCUSSION

Contracts formed in the State of Michigan are interpreted under Michigan law, which states that "[t]he primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 372 (6th Cir. 1998) (quoting *Rasheed v. Chrysler Corp.,* 445 Mich. 109, 517 N.W.2d 19, 29 n. 28 (1994)). This court "must look for the intent of the parties in the words used in the instrument." *Id.* (citing *Michigan Chandelier Co. v. Morse,* 297 Mich. 41, 297 N.W. 64, 67 (1941)).

"The determination of whether a contract is ambiguous, thereby making extrinsic evidence admissible for interpretive purposes, is a question of law . . . ." *Id.* at 373 (citing *Wulf v. Quantum Chem. Corp.,* 26 F.3d 1368, 1376 (6th Cir.1994)). A court "does not have the right to make a different contract for the parties or to look to extrinsic testimony to determine their intent when the words used by them are clear and

4

unambiguous and have a definite meaning." *Id.* (quoting *Michigan Chandelier,* 297 N.W. at 67).  A contract is ambiguous if its words may reasonably be understood in different ways.  *Id.* (quotation omitted).  Because the court concludes that the contract language at issue is not ambiguous, it will not consider the affidavits, deposition testimony, council meeting minutes and other extrinsic evidence that the parties attach to their briefs.  Further, the court need not reach Plaintiffs' alternative argument that the parties' course of conduct entitles Plaintiffs to a revenue split, (Pls' Br. at 7-13) or Defendant's claim that further discovery will prove otherwise, (Def.'s Br. at 16-17).

Whether the court reads the Second Amendment in isolation or in context, the contractual language splits parking revenues without reference to whether a Hillside-sponsored event generated that revenue.  Nor does any part of the agreement distinguish parking revenue on the basis of the location within the Park.  Indeed, the original agreement references a single parking lot.  (Sublease Agreement at 1.)  Had the parties intended to agree to different terms based upon who sponsored an event, they could have done so with little trouble.  Subparagraph 3(a) of the original agreement did in fact expressly reserve for defendant "all parking fees for all events *scheduled by [Hillside].*"  (*Id.* at 2 emphasis added).)

In the Second Amendment, the new terms confirm that Defendant "shall continue to collect the parking fees for *all events* at Freedom Hill County Park, including the Freedom Hill Amphitheater." (Second Amendment at 2.)   The court finds that the plain meaning of the words "all events" contains no limitation.  There is also no limitation in the wider context of the parties' agreement as it is expressed in different contractual provisions.  As such, subsequent reference in the same paragraph to the split of

"[p]arking revenues" refers back to "parking fees for all events at Freedom Hill County Park, including the Freedom Hill Amphitheater." (*Id.*)  The court thus concludes that the contractual language supports only one reasonable interpretation: that Hillside would receive three-fourths of all parking revenue collected at Freedom Hill County Park, subject of course to the remaining language of the agreement that guarantees at least $125,000 in annual parking revenue for Defendant.

Where possible, the court must draw the intent of the parties from the "four corners" of their contract.  *Flajole v. Gallaher*, 93 N.W.2d 249 (Mich. 1958).  In turn, when a contract is unambiguous, this court must construe it according to the plain meaning of its terms.  *Ford Motor Co. v. Northbrook Ins. Co.*, 838 F.2d 829, 832 (6th Cir. 1988).  Defendant's proposed construction, limiting the parking revenue split to Hillside-sponsored events, finds no support in the contractual language.  It is therefore not an element of the parties' expressed intent.  Because the language of the contract is unambiguous, there is no question of fact concerning Plaintiffs' entitlement to certain parking revenues.[1]

## IV.  CONCLUSION

IT IS ORDERED that Plaintiffs' Motion "For Partial Summary Judgment" [Dkt # 31] is GRANTED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  March 26, 2007

---

[1] Because Plaintiffs do not state the amount of parking revenue at stake, the court will not set the amount, which, absent a stipulation, will depend on further motion practice or, ultimately, resolution at trial.

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 26, 2007, by electronic and/or ordinary mail.

                                               S/Lisa Wagner
                                               Case Manager and Deputy Clerk
                                               (313) 234-5522