**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

      Plaintiffs/Counter-Defendants,

                                      Case No. 06-11566

  v.

COUNTY OF MACOMB,

      Defendant/Counter-Plaintiff.
                                        /

**ORDER DENYING DEFENDANT'S "MOTION TO
COMPEL DISCOVERY AND FOR SANCTIONS"**

On February 10, 2007, Defendant filed its "Motion to Compel Discovery and for Sanctions." Plaintiffs filed a response. During a phone conference on March 15, 2007, the parties agreed that only one portion of the motion requires resolution by the court. That issue concerns production of documentation regarding above ground improvements at Freedom Hill Park and Amphitheater. During a subsequent phone conference on April 2, 2007, the court heard the parties' arguments concerning this issue, which arose when a witness for Plaintiff was unable to recall specific costs connected to the improvements. For the reasons stated below, the court will deny Defendant's motion without prejudice.

Defendant's motion states that it is considering terminating the parties' contractual agreement and reimbursing Plaintiffs for certain costs pursuant to a contractual provision that triggers such reimbursement in the event that Defendant terminates. (Def.'s Br. at 10.) Defendant therefore argues in its brief that Plaintiffs are obligated under the agreement to provide documentation regarding Plaintiff's above-ground improvements. (*Id.*). Defendant has presented a different rationale that has arisen in the course of discovery. Defendant claims that the documents are required if Defendant is to effectively

depose Plaintiffs' witnesses. Specifically, Defendant contends that the documentation is relevant for purposes of proving or disproving (1) the alleged value of the loss caused by the failure of Plaintiffs (which Plaintiffs attribute to Defendants' allegedly unlawful activity) to close a deal that would sell Plaintiffs' right to operate the Amphitheater and (2) Plaintiffs' knowledge, before improvements were undertaken, of where landfill material was located.

Plaintiffs, in the response brief, counter that (1) Defendant never made a formal request in writing for the documentation, (2) the documents do not relate to any claim or counterclaim in the case, (3) the volume of documents sought was burdensome and oppressive and (4) Defendant already possesses some of the documents. (Pls' Resp. at 11.) Plaintiffs have further represented that, in any event, a third-party possesses the documents, not Plaintiffs.

Having reviewed the matter, the court concludes that Defendant's motion should be denied without prejudice. As a threshold matter, Defendant's brief fails to indicate when and in what manner it ever formally requested the documentation at issue. See Fed. R. Civ. P. 34. Second, the documents do not appear to bear sufficient relevance to the damages at stake in this case. Assuming Plaintiffs establish liability, the core question is the fair market value of Plaintiffs' failed third-party transaction (in addition to whatever consequential damages Plaintiffs may have suffered as a result of, principally, loss of business). In essence, the question is the expected revenue stream of the Amphitheater, which would rely principally on ticket sales, alcohol and concession revenue, parking fees and the like. While the condition of the facilities no doubt has a marginal or ancillary effect on the revenue stream, the above ground improvements

themselves were not for sale.  Nor is the court convinced that those improvements played a critical role in the valuation of the Amphitheater as a continuing operation.  Regarding notice about the location of landfill material, there is simply an insufficient basis in the record for the court to grant Defendant's motion.  The briefing is silent on the issue. Defendant's brief in support of its motion has thus not met its burden of persuasion. Accordingly,

IT IS ORDERED that Defendant's "Motion to Compel Discovery and for Sanctions" [Dkt # 34] is DENIED WITHOUT PREJUDICE.

      S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated:  April 5, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 5, 2007, by electronic and/or ordinary mail.

      S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522