**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

       Plaintiffs/Counter-Defendants,

                                        Case No. 06-11566

  v.

COUNTY OF MACOMB,

       Defendant/Counter-Plaintiff.
_____/

**ORDER DENYING DEFENDANT'S "MOTION FOR RECONSIDERATION . . ."**

April 5, 2007, the court denied Defendant's "Motion to Compel Discovery and for Sanctions." Defendant filed the instant motion for reconsideration on April 19, 2007. Having reviewed the motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(g)(1). For the reasons stated below, the court will deny Defendant's motion.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

The court is not persuaded that Defendant has shown a palpable defect the correction of which would lead to a different outcome.  Defendant's argument rests solely on its contention that it in fact formally requested the discovery in dispute.  Defendant seizes upon the language in the court's order that states, "[a]s a threshold matter, Defendant's brief fails to indicate when and in what manner it ever formally requested the documentation at issue."  (4/5/07 Order at 2.)  Defendant's motion fails to address the bulk of the court's substantive analysis, which supported the court's conclusion that "the documents do not appear to bear sufficient relevance to the damages at stake in this case."  (*Id.*)  By focusing on the court's view of a threshold matter and not the heart of the issue, Defendant fails to persuade the court that its motion for reconsideration should be granted.  Accordingly,

IT IS ORDERED that Defendant's "Motion for Reconsideration . . . " [Dkt # 85] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  May 1, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 1, 2007, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522