**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

    Plaintiffs/Counter-Defendants,

v.                                      Case No. 06-11566

COUNTY OF MACOMB, MICHIGAN and
MACOMB COUNTY PARKS AND
RECREATION COMMISSION,

    Defendants/Counter-Plaintiffs.
                                      /

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION "FOR LEAVE TO AMEND COUNTERCLAIM" AND EXTENDING DISCOVERY**

On May 25, 2007, Defendants filed a motion for leave to amend their counter-complaint to include a new count of breach of fiduciary duty. Plaintiffs object in their response. The court conducted a hearing on the matter on June 27, 2007. For the reasons stated below and explained on the record, the court will grant the motion.

Federal Rule of Civil Procedure 15 provides that leave to amend a complaint "shall be freely given when justice so requires . . . ." Fed. R. Civ. P. 15(a). Further, "[i]n deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Centers, Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005). These considerations do not weigh conclusively in favor of Plaintiffs and the court is persuaded that the effective administration of justice will be served if Defendants are allowed to amend their counter-complaint.

Defendants allege that recent document disclosures brought to light certain advertising revenue that Plaintiffs have collected. (Defs.' Br. at 7.) Defendants maintain that Plaintiffs, as Defendants' exclusive sales agent for certain advertising according to the terms of their agreement, owe Defendants a fiduciary duty to maximize shared advertising revenue. (*Id.* at 7-8.) As Defendants' counsel argued at the hearing, it appears to Defendants that Plaintiffs may have breached that duty by maximizing advertising revenue, which Plaintiffs were not required to share under the agreement, without concomitantly cultivating other shared advertising revenue.

Plaintiffs respond that Defendants' motion should be denied because of undue delay. (Pls.' Resp. at ¶ 12.) Further, Plaintiffs contend that extending discovery to develop the new count will prejudice Plaintiffs and that, in any event, the amendment is futile because it is clear that Plaintiffs owed Defendants no fiduciary duty. (*Id.* at ¶¶ 10, 13.) At the hearing, Plaintiffs further claimed that they took all reasonable and necessary steps to secure shared advertising revenue for Defendants.

While, as defense counsel conceded at the hearing, Defendants may have earlier had some documents in their possession concerning advertising, the court believes that Defendants did not have a full picture until after this court ordered Plaintiffs at the May 16, 2007 hearing to disclose certain documents. Within several days, Defendants filed the instant motion on May 25, 2007. Under the circumstances, the court is not convinced that the consideration of undue delay weighs against Defendants. Nor does the court find any bad faith or a failure of previous amendments to correct the situation. Concerning undue prejudice, the court is mindful that discovery must come to

2

an end reasonably soon. That said, the parties have a number of "emergency" motions pending before the court concerning discovery disputes. The parties filed these motions fully cognizant that the discovery cut-off date of July 1, 2007 is rapidly approaching. As such, even if the court were to deny leave to amend the counter-complaint, there can be little doubt that the parties would not complete discovery before July 1, 2007. The court will therefore extend the cut-off date, with a new date to be determined according to the court's instructions below.[1]

Concerning futility, the court is not convinced that the new count (Count XI) is a non-colorable claim for relief or otherwise obviously vulnerable to dismissal. Without deciding the ultimate relationship between the parties, the court is inclined to conclude that Paragraph 7 of the parties' agreement is susceptible to the interpretation advanced in Defendant's amended counter-complaint. Specifically, the language designating Plaintiffs as Defendants' "exclusive sales agent for all advertising at the Park," (Sublease Agreement, Pls.' Resp. at Ex. 1), can perhaps have the legal effect of creating a fiduciary relationship between the parties for the particular purpose laid out in the contract. None of the authority Plaintiffs cite forecloses the possibility that a fiduciary duty may be contractual in origin, as may be the case here. At a bare minimum, Defendants at least advance a different species or theory of breach of contract than that which is already before the court as Count II of the counter-complaint. Accordingly,

---

[1]The "emergency" motions therefore lack the urgency that they may have had at their filing. Upon full briefing and, if necessary, oral argument, the court will decide these motions in due course. The court welcomes efforts by counsel to resolve the motions by agreement, considering that there will be additional time for discovery.

IT IS ORDERED that Defendants' "Motion for Leave to Amend Counterclaim" [Dkt # 107] is GRANTED.

IT IS FURTHER ORDERED that the discovery cut-off date of July 1, 2007 is EXTENDED. Counsel are instructed to confer to set a schedule for remaining discovery and to continue discovery in the meanwhile without delay. Counsel will submit a joint proposed discovery cut-off date to the court's case manager no later than **July 6, 2007**. The court will evaluate the submission and then amend the scheduling order to reflect the new cut-off date.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated: June 29, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, June 29, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522