# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

    Plaintiffs/Counter-Defendants,

v.                                             Case No. 06-CV-11566

COUNTY OF MACOMB,

    Defendant/Counter-Plaintiff.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' "MOTION FOR RECONSIDERATION . . ."

On June 14, 2007, the court granted Defendant's "Motion for Partial Summary Judgment." Plaintiffs filed the instant motion for reconsideration on June 26, 2007. Having reviewed the motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(g)(1). For the reasons stated below, the court will deny Defendant's motion.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

The court's previous order concerned the parties' respective rights to certain parking revenues. Plaintiffs object and request that the court "set aside the partial summary judgment ruling that plaintiffs have failed to account for the parking revenue collection that they have undertaken, and that they have failed to pay to defendants the 25% share of that parking revenue." (Pl.'s Mot. at ¶ 7.) Because, as explained below, the court never made such a ruling, the court will deny the instant motion.

The court is not persuaded that Plaintiffs have shown a palpable defect the correction of which would lead to a different outcome. Plaintiffs overstate the scope and effect of the court's order. The operative language of the court's analysis determined the following:

> The agreement by no means requires Plaintiffs to collect any parking revenue. But where they perform collection activity, Plaintiffs must set aside one quarter of all parking revenue for Defendant. Because the language of the contract is unambiguous, there is no question of fact concerning Defendant's entitlement to certain parking revenues.

(6/14/07 Order at 5.) The court further explained:

> Because Defendant does not state the amount of parking revenue at stake, the court will not set the amount, which, absent a stipulation, will depend on further motion practice or, ultimately, resolution at trial. Similarly, the court expresses no view concerning the timing of parking revenue payments from Plaintiffs to Defendant. The court's decision is limited to construing the agreement to require that Plaintiffs account for all parking revenue collection they undertake, and that they set aside and remit Defendant its one-quarter share of that amount.

(*Id.* at 5 n.1.)

This analysis is declaratory and preliminary in nature. The court merely construed the parties' agreement, without deciding as a matter of law if either side had actually breached the agreement. Plaintiffs' instant motion therefore misapprehends the scope of the court's determination, as Plaintiffs submit "factual evidence" to support the

2

proposition that they have faithfully accounted for and remitted all appropriate parking revenues. (Pl.'s Mot. at 3-4; *see generally* Pls.' Exs.) Because the court left Defendant to its proofs concerning actual revenue never accounted for or remitted, Plaintiffs' motion seeks unnecessary relief. Nothing in Plaintiffs' motion persuades the court that its analysis of the agreement was wrong. Nor did the court go so far as to decide a judgment amount in favor of Defendants. Accordingly,

IT IS ORDERED that Plaintiffs' "Motion for Reconsideration . . . " [Dkt. # 119] is DENIED.

    S/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2007

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 19, 2007, by electronic and/or ordinary mail.

    S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522