**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

        Plaintiffs/Counter-Defendants,

v.                                               Case No. 06-11566

COUNTY OF MACOMB

        Defendant/Counter-Plaintiff.
                                                /

**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S "MOTION FOR DISCOVERY SANCTIONS"**

On December 7, 2007 Defendant[1] filed its "Motion For Discovery Sanctions." Plaintiffs filed a response. The motion concerns production of documents regarding advertising and valet parking services at Freedom Hill Park and Amphitheater. The motion has been fully briefed and the court concludes that a hearing on the motion is not necessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant in part and deny in part Defendant's motion.

Defendant states that it has made multiple discovery requests to Plaintiffs, seeking information related to Plaintiffs' advertising activities. (Def.'s Mot. at ¶ 1-3.) These requests culminated in Defendant's "Motion To Compel Production Of Documents Responsive To Defendants' Fifth and Sixth Discovery Requests" and

---

[1]Between the filing of Defendant's motion and the entry of this order, Defendant Macomb County Parks and Recreation Commission was dismissed from this case in an order issued January 29, 2008. Consequently the case has proceeded with the County of Macomb, Michigan as the sole remaining Defendant.

Defendant's "Emergency Motion to Compel Production Of Documents and Deposition Testimony For Roncelli, Inc. And L.V. Management, Inc." (*Id.* at ¶ 5.) The court heard Defendant's motions on May 16, 2007. (*Id.* at ¶ 5.) According to Defendant, the court determined that information related to Plaintiffs' advertising activity should be produced. (*Id.* at ¶ 6.) Defendant states that after the hearing, Defendant learned of an alleged advertising relationship between Plaintiffs and Solomon Friedman & Associates. (Def.'s Br. at 5.) Defendant alleges that Plaintiffs have yet to produce any documents concerning this relationship. (Def.'s Mot. at ¶ 10.) Additionally, Defendant alleges that Plaintiffs have not fully complied with document requests regarding valet parking services. (*Id.* at ¶ 11.) Defendant suggests the deposition testimony of Mr. Jarred Cloin demonstrates the existence of documents relating to valet parking services over and above those already produced by Plaintiffs. (Def.'s Br. at 7.) Defendant contends that the advertising documents are relevant to show that Plaintiffs breached their duty as Defendant's exclusive advertising sales agent. (*Id.* at 9-10.) Defendant also avers that the valet parking services documents "may lead to relevant information relating to Plaintiffs' alleged breach of the Sublease Agreements." (*Id.* at 10.)

      Plaintiffs, in their response brief, counter that (1) the court only ordered production of sponsorships and not advertising at the May 16, 2007 hearing, (2) that documents relating to a third-party advertising agreement do not fall within the sponsorship documents that were ordered to be produced and (3) that Plaintiffs have already provided all the documents in their possession concerning parking revenues. (Pls' Resp. at v - vi.)

The sublease provides that Hillside and Macomb each receive "50% of all revenues from Metroparkway spectacular sign advertising [and] 50% of all other advertising revenues generated outside the premises." (Sublease at ¶ 4.) During the May 16, 2007 hearing, the court prefaced its ruling with the hypothetical scenario that Defendants might suspect that Plaintiffs' reached a "sweetheart deal" wherein Plaintiffs would maximize revenue from advertising within the Amphitheater, of which Plaintiffs retain one hundred percent, while minimizing revenue for advertising outside of the Amphitheater, which Plaintiffs are required to split with Defendants while acting as the exclusive sales agent. (5/16/07 Hrg. Tr. at 53-56.) The court observed that Plaintiffs were "holding under the table the contracts for advertising relative to, in the amphitheatre." (*Id.* at 56.) The court then ruled that Plaintiffs "need to reveal these documents for the defendant's review for the relevant years . . . . [a]s Mr. Esordi requested for '01 through '05." (*Id.*)

The court does not accept Plaintiffs' argument that an interposition of a clarification by their counsel - "[s]o sponsorship and season ticket documents?" (*id.*) - operates to limit the court's ruling to those two categories of discoverable materials.[2] The court views the list of categories as illustrative and not exclusive. Plainly, the court ruled that contracts for advertising within the amphitheater should be disclosed. To the extent that Defendant might find an otherwise unexplained pattern of hefty advertising revenue for within the amphitheater counterbalanced by paltry sums for advertising

---

[2]Plaintiffs' apparent understanding, however, is not so beyond the pale that it would justify Defendant's request for unnecessarily drastic sanctions.

3

revenue that is subject to sharing, the evidence is relevant to Defendant's counterclaim for breach of contract.  If Plaintiffs possess documents regarding advertising within the amphitheater, Defendant is entitled to see them, consistent with standing protective orders and other such limitation.  If such documents do not exist, Plaintiffs shall present a sworn declaration to that effect.  Specifically, the court cannot conclude from the record whether any of the revenue associated with Solomon Friedman & Associates falls within the scope of the court's May 16, 2007 ruling.[3]

Concerning the valet parking documents, Plaintiffs state that they have produced all the documents in their possession.  (Pls Resp. at vi.)  Defendant points to the deposition testimony of Mr. Cloin for proof that further documentation exists. (Def.'s Br. at 7.)  After reviewing Mr. Cloin's testimony as provided by Defendant, the court finds an insufficient basis for not crediting Plaintiffs' assertion that they have no additional documents.  The court will take Plaintiffs at their word.  Accordingly,

IT IS ORDERED that Defendant's "Motion for Discovery Sanctions" [Dkt # 177] is GRANTED IN PART AND DENIED IN PART.  Specifically, the motion is GRANTED with respect to revenue for advertising within the amphitheater.  The motion is otherwise DENIED.  **By March 24, 2008**, Plaintiffs shall either make a sworn declaration stating

---

[3]The court does not believe that its analysis in any way affects its previous order deciding the parties' cross-motions for summary judgment.  Rather, any discovery that might result will simply enhance the material that is relevant to the factual issues of Defendants' counterclaims.  Absent compelling circumstances, the court does not expect that the marginally augmented discovery materials will alter the schedule of this case.

that they possess no documents falling within the scope of the court's order, or they shall disclose any such documents to Defendant.

                               S/Robert H. Cleland
                               ROBERT H. CLELAND
                               UNITED STATES DISTRICT JUDGE

Dated: March 17, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, March 17, 2008, by electronic and/or ordinary mail.

                               S/Lisa Wagner
                               Case Manager and Deputy Clerk
                               (313) 234-5522