**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

        Plaintiffs/Counter-Defendants,

        v.                                                              Case No. 06-11566

COUNTY OF MACOMB

        Defendant/Counter-Plaintiff.

                                                  /

**ORDER GOVERNING TRIAL PROCEDURES**

Testimony in this case commenced on April 10, 2008, and has consumed approximately eighteen hours of trial time before the jury thus far, which excludes one morning spent selecting the jury and another morning after jury selection for argument on various pre-trial motions. In that trial time, only one witness has been examined and cross examined (although the court must note that he is presented as a critical witness for Plaintiffs). The Plaintiff entity's representative, Mr. Hank Riberas, was called on April 10, 2008 for direct examination. His testimony continued all day on April 11 and part of April 14. He was cross-examined on part of April 14, all of April 15 and part of April 16. Redirect examination is now underway.

The court has authority to impose reasonable time limits upon the conduct of the trial. *SCM Corp. v. Xerox Corp.,* 77 F.R.D. 10 (D. Conn. 1977) (citing Federal Rules of Civil Procedure and the Federal Rules of Evidence as basis that "time is a relevant consideration in the conduct of litigation."); *United States v. United Shoe Machinery*

*Corp.,* 93 F.Supp. 190, 191 (D. Mass.1950) ("It is the function of counsel to aid the Court by selecting from the mass of evidence made available through the almost unlimited pre-trial discovery sanctioned in this case such portions as the Court can study within a reasonable time.") Pursuant to Federal Rule of Evidence 611(a), the district court is specifically granted authority to "exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to . . . make the interrogation and presentation effective for the ascertainment of truth" and to "avoid needless consumption of time."

"The Court may also be forced to exclude where the evidence is not so much cumulative as overwhelming in quantity." Weinstein's Evidence § 403(6).

> It has never been supposed that a party has an absolute right to force upon an unwilling tribunal and unending and superfluous mass of testimony limited only by his own judgment and whim . . . . The rule should merely declare the trial court empowered to enforce a limit when in its discretion the situation justifies this.

6 Wigmore, Evidence § 1907 (Chadbourn rev. 1976). *See also* Manual for Complex Litigation § 4.57. Such a rule, Justice Oliver Wendell Holmes observed, is merely "a concession to the shortness of life." *Reeve v. Dennett,* 145 Mass. 23, 28, 11 N.E. 938, 944 (1887).

Because "[t]he Court has obligations to other parties who have cases to be heard," *United Shoe Machinery Corp.,* 93 F.Supp. at 191, and because "there are limits to the amount of factual material any trier, whether judge or jury, can realistically be expected to absorb and assess," 77 F.R.D. at 15, some reasonable limitation on time in this case presentation is required.

2

The attorneys, at the court's request, prepared a joint estimate of the number of hours each would likely require for further presentation of evidence. The court has reviewed the joint product and taken it into consideration in formulating this order, in conjunction with the court's other scheduled business in the coming weeks and months. The court believes that aggressive organization and re-focusing of efforts by counsel will do much to shorten the proceedings and render the issues more understandable to the jury.[1]

Accordingly, IT IS ORDERED that the following time limitations shall apply, with the parties expected to conform, marshal and organize their evidence to proceed expeditiously. These limits are, however, subject to change if events at trial persuade the court that a limit is unduly and unfairly restrictive.[2] The court's intention is to allocate each party sufficient time to present its case and to cross-examine effectively, based

---

[1] Based upon the court's observations of the jury thus far, there is reason to believe that attention may be faltering and that issue comprehension may be lacking. The court notes, for example, that there have been mentioned and highlighted the names of a great number of people involved in the background but about whom the jury knows little, if anything. Various contracts and contract amendments have been explained, and in part displayed, to the jury and many questions asked. To illustrate case presentation techniques that, if undertaken, could have assisted the jury's understanding and saved time (but to suggest that such things must now be done) counsel *could* have, but have not, produced a "playlist" for the jury identifying and at least minimally explaining the position of these dozens of people; counsel *could* have, but have not, produced for the jury one or more charts graphically showing the contractual relationship of the parties over time. Most of these matters have been left to mere verbal explanation.

[2] For example, if the court were convinced that a witness associated with a party was intentionally "spending" the adverse party's time during cross examination, the court might either expand the adverse party's time allocation or deduct time from the other side's allocation.

upon the court's knowledge of the case gleaned through years of pre-trial preparation and the conduct of the trial thus far.

### 1. Plaintiffs

IT IS FURTHER ORDERED that, commencing on April 18, 2008, at 8:30 a.m., Plaintiffs will be allocated an additional **36 TRIAL HOURS** before the jury for all purposes, to be subdivided and devoted to whatever purposes Plaintiffs see fit. This limitation includes all matters pertaining to direct examination, cross examination and redirect examination (including pausing to think about the next question), finding and displaying documents, and presenting jury argument. In view of this time allocation and the responsibility of Plaintiffs to manage their own time, the court will not attempt to hurry counsel or provide any other cautions concerning, for example, possible wavering attention among the jury; the court will also not entertain any objection from Defendant based upon Rule 403's admonition to not "waste . . . time" including, notably, objections phrased as "asked and answered."

### 2. Defendant

IT IS FURTHER ORDERED that, commencing on April 18, 2008, Defendant will be allocated an additional **17 TRIAL HOURS** for all purposes, to be subdivided and devoted to whatever purposes Defendant sees fit. This limitation includes all matters pertaining to direct examination, cross examination and redirect examination (including pausing to think about the next question), finding and displaying documents, and presenting jury argument. In view of this time allocation and the responsibility of Defendant to manage its own time, the court will not attempt to hurry counsel or provide any other cautions concerning, for example, possible wavering attention among the jury;

the court will also not entertain any objection from Plaintiff based upon Rule 403's admonition to not "waste . . . time" including, notably, objections phrased as "asked and answered."

Even under the above limitations, the case will proceed longer than was earlier estimated, *i.e.,* well into the first days of May.

"This case is not unique in the problems it presents. Lengthy civil trials are becoming more frequent as the complexity of litigation increases, especially in the federal courts. It is becoming more common for parties in complicated antitrust, securities and patent litigation to demand trial by jury. Prominent members of the judiciary and the bar have recently expressed misgivings as to the appropriateness of jury trials in such extended and complex cases. The primary concerns are whether such extended service can be required of citizens summoned for jury duty and whether lay juries can reasonably be expected to comprehend the mass of technical material often presented in such trials. For these reasons, various commentators have suggested that it may be desirable to abridge the right to trial by jury in certain kinds of civil cases." *MCI Communications Corp. v. American Tel. & Tel. Co.* 85 F.R.D. 28, 30 -33 (D.C. Ill. 1979).

In the absence of this order, the court believes that this trial would become essentially unmanageable, and oppressive and confusing to the jury. The evidence presented has already included some discussion that is not essential to the jury's clear understanding of the central conflicts between the parties, and a great deal more that has been repetitive.

The court trusts that the attorneys, with this order in hand, have a powerful

incentive to organize and focus their evidence presentation concisely.[3]

       IT IS SO ORDERED.

                                             S/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated: April 16, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 16, 2008, by electronic and/or ordinary mail.

                                             S/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522

---

[3] The motivation underlying this order comprehends both attorney questions *and* the approach of the parties' witnesses. The court, in this regard, has already noted to counsel off the record that Plaintiff's initial witness has been unduly discursive during cross examination, possibly in reaction to increasingly argumentative questions, which in turn were probably motivated by the witness's increasingly evasive answers. All of this has, without doubt, contributed substantially to in-court time expended unnecessarily.