**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

      Plaintiffs/Counter-Defendants,

      v.                           Case No. 06-11566

COUNTY OF MACOMB

      Defendant/Counter-Plaintiff.

_____/

**OPINION AND ORDER DENYING ADDITIONAL JURY INSTRUCTIONS**

The court will deny Defendant's request for additional jury instructions. First, Defendant asks that the court instruct the jury about insurance. Defendant proposes to tell the jury the following: "Whether a party is insured has no bearing whatever on any issue that you must decide. Don't even discuss or speculate about insurance." (Def.'s 5/4/08 Motion.) The court sees no need for such as instruction, as the court has already instructed the jury to consider only the evidence received in court and to decide the case on that basis alone. Further, as the court noted previously on the record, the evidence has placed no particular emphasis upon the existence or non-existence of insurance for either side. The court will therefore not instruct the jury on this topic.

Second, Defendant raised an issue of contract law and renewed its request for an instruction that "[o]ne who first breaches a contract cannot maintain an action against the other contracting party for his subsequent breach or failure to perform." *Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972). This rule "only applies when the

initial breach is substantial." *Michaels v. Amway Corp.*, 522 N.W.2d 703, 707 (Mich. Ct. App. 1994). A substantial breach is a breach that "has effected such a change in essential operative elements of the contract that further performance by the other side is thereby rendered ineffective or impossible, such as the causing of a complete failure of consideration or the prevention of further performance by the other party." *McCarty v. Mercury Metalcraft Co.*, 127 N.W.2d 340, 343 (Mich. 1964) (citations omitted). Having reviewed the case law, the court is not persuaded that this case requires such an instruction. There is no factual predicate in this case for either side committing an initial substantial breach that rendered further performance ineffective or impossible for the contractual counterpart. Indeed, the story of this case speaks of an unhappy yet ongoing coexistence between the parties - one in which, at the very least, the parties continued to perform despite ongoing litigation and its attendant allegations of breach. Accordingly,

IT IS ORDERED that "Defendant's 2nd Request for Insurance Jury Instruction" [Dkt. # 252] is DENIED.

IT IS FURTHER ORDERED that Defendant's request for an instruction regarding a first substantial breach of contract is DENIED.

       S/Robert H. Cleland
       ROBERT H. CLELAND
       UNITED STATES DISTRICT JUDGE

Dated: May 5, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, May 5, 2008, by electronic and/or ordinary mail.

                                             S/Lisa Wagner
                                             Case Manager and Deputy Clerk
                                             (313) 234-5522