**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

        Plaintiffs/Counter-Defendants,

        v.                               Case No. 06-11566

COUNTY OF MACOMB

        Defendant/Counter-Plaintiff.
                                          /

**OPINION AND ORDER DENYING "DEFENDANT'S RENEWED MOTION FOR
JUDGMENT AS A MATTER OF LAW" AND DENYING PLAINTIFFS' "MOTION FOR
JUDGMENT AS A MATTER OF LAW, OR IN THE ALTERNATIVE, FOR NEW TRIAL"**

Pending before the court are the above-captioned, post-verdict motions. The matter has been fully briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny both motions.

**I. BACKGROUND**

Plaintiffs Hillside Productions, Inc. ("Hillside"), Gary Roncelli and Joseph Vicari filed this action on March 31, 2006, raising various federal and state claims against Defendant County of Macomb related to Plaintiffs' operation of the Freedom Hill Amphitheater. In addition to more ordinary commercial claims alleging various breaches of contract, Plaintiffs also brought constitutional claims, which were limited after motion practice to a claim via 42 U.S.C. § 1983 of deprivation of substantive due process. The court previously ruled that Defendant breached the contract with respect

to Hillside's share of parking revenues and that further motion practice or a trial would determine damages. (3/26/07 Order at 4-6.)[1]  Defendant, meanwhile, brought counterclaims that sounded mainly in contract.

The case proceeded to trial by jury, which commenced on April 9, 2008 and lasted nearly a month until the jury rendered a verdict on May 5, 2008. The jury found (1) no deprivation of due process, (2) zero damages for Hillside for Defendant's breach of contract involving parking revenues, (3) $21,931 for Defendant for Hillside's breach as to payment of 1% of gross ticket revenue and (4) zero damages for Defendant for Hillside's breach of the Agreement for Food and Beverage Service and (5) no cause of action for Plaintiffs and Defendants' remaining claims and counterclaims. (See 5/5/08 Verdict Form.) The instant motions challenge certain aspects of the outcome and the conduct of trial.

## II. STANDARD

Judgment as a matter of law is appropriate when "viewing the evidence in the light most favorable to the non-moving party, there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." *Tisdale v. Federal Exp. Corp.*, 415 F.3d 516, 527 (6th Cir. 2005) (quoting *Noble v. Brinker Int'l, Inc.,* 391 F.3d 715, 720 (6th Cir. 2004) (internal quotation omitted)). The district court may not weigh the evidence or credibility, which are functions of the jury. *Jackson v. Quanex Corp.*, 191 F.3d 647, 657 (6th Cir. 1999).

---

[1] The court later ruled that Defendant was entitled to its one-quarter share of any parking revenue collected by Plaintiffs that Defendant could prove Plaintiffs never shared, but the court left determination of damages, if any, to the trier of fact. (6/14/07 Order at 3-5.)

Denial of a motion for a new trial is reviewed for an abuse of discretion. *United States, ex rel. A+ Homecare, Inc. v. Medshares Mgmt. Group, Inc.,* 400 F.3d 428, 450 (6th Cir. 2005). Where the motion for a new trial is on the grounds that the jury verdict was against the clear weight of the evidence, the Sixth Circuit has explained that:

> A court may set aside a verdict and grant a new trial when it is of the opinion that the verdict is against the clear weight of the evidence; however, new trials are not to be granted on the grounds that the verdict was against the weight of the evidence unless that verdict was unreasonable. Thus, if a reasonable juror could reach the challenged verdict, a new trial is improper.

*Barnes v. Owens-Corning Fiberglas Corp.,* 201 F.3d 815, 820-21 (6th Cir. 2000) (internal quotations omitted).

### III. DISCUSSION

#### A. Defendant's Motion

Defendant's motion is directed solely at the jury's determination that Defendant failed to prove by a preponderance of the evidence that Hillside materially breached its agreement with Defendant with respect to sharing parking revenue. (5/5/08 Verdict Form at 11.) Defendant argues that its agreement is enforceable as a matter of law "and that if and where Plaintiffs performed any parking collection activity, Plaintiffs must set aside one-quarter of the parking revenue for Defendant." (Def.'s Br. at 2.) Defendant claims that the undisputed evidence at trial is that Hillside charged a flat rate for various high school graduation ceremonies at the Amphitheater and that no parking fees were charged. (*Id.*) It further claims that Hank Riberas made a statement against

3

interest when he stated that these actions "probably" amounted to a breach of contract. (*Id.* citing 4/16/08 Tr. at 124-32.)[2]

Plaintiffs' response is more persuasive. A stray "probably" - which was in response to a hypothetical question and about to be qualified by a "however" before Defendant's counsel interrupted the witness, (4/15/08 Tr. at 132) - does not qualify as a statement against interest that would in effect require a rational jury to award damages to Defendant. Further, the jury was free to credit the testimony of witnesses supporting Plaintiffs' position. Tom Bommarito, Hillside's director of community relations, stated that Defendant was in favor of the Amphitheater hosting such events. (4/29/08 Tr. at 142.) Thomas Bommarito averred that Defendant approved Hillside hosting such graduations without charging for parking. (4/30/08 Tr. at 56.) In addition, Defendant made no effort in its brief, or during the course of trial, to indicate what portion of the flat graduation ceremony fees would fairly amount to recoverable parking revenue to which Defendant was entitled to a one-quarter share. Faced with silence on the matter, a jury could rationally conclude that no parking revenue was involved and thus there could be no breach with respect to parking revenue. Under the circumstances, a rational jury could have found that Plaintiffs did not breach the agreement with respect to parking revenues and the court will therefore deny Defendant's motion.

---

[2]The court notes with some dismay that Defendant's brief cites to the wrong exhibit (Exhibit B) and, further, that the correct exhibit (Exhibit A) only contains two of the nine transcript pages cited - pages 129 and 132. (Def.'s Br. at 3 (citing Ex. B at 124-32); Def.'s Ex. A.)

### B. Plaintiffs' Motion

### 1. Defendant's Procedural Challenge

#### a. Timeliness

A motion under Federal Rule of Civil Procedure must be filed no later than ten days after entry of judgment. Fed. R. Civ. P. 50(b) Defendant argues that Plaintiffs missed this deadline by one minute because the notice of electronic filing for Plaintiffs' motion "shows that Plaintiff's [motion] was filed at midnight, 12:00 a.m." (Def.'s Resp. at 1 (citing Notice of Electronic Filing, Def.'s Ex. A).) This argument comes close to frivolous. The very same exhibit actually states that Plaintiff's counsel entered the transaction "on 6/14/08 at 0:00 EDT" and that the motion was "*filed* on 6/13/08." (Notice of Electronic Filing, Def.'s Ex. A (emphasis added).) Further, the court's docket sheet plainly indicates that Plaintiff's motion [Dkt. # 161] is dated 6/13/08 and the same date appears prominently on the electronic case filing system's identifying header that appears at the top of each page of Plaintiff's motion. There is thus no merit whatsoever in Defendant's argument concerning timeliness. The court rejects this request to strike Plaintiff's motion from the record.

#### b. Failure to Raise Arguments

Rule 50 limits renewed motions for judgment as a matter of law to issues that were previously raised. Fed. R. Civ. P. 50(b); *see also American and Foreign Ins. Co. v. Bolt*, 106 F.3d 155, 159-60 (holding that district court could not *sua sponte* raise a new issue that Rule 50 would not allow a party itself to raise for the first time). "In short,

JNOV is not available at anyone's request on an issue not brought before the court prior to submission of the case to the jury." *Bolt*, 106 F.3d at 160. "A post-trial motion for judgment can be granted only on grounds advanced in the pre-verdict motion." Advisory Committee Note to Rule 50(b) (1991) (citing *Kutner Buick, Inc. v. American Motors Corp.*, 848 F.2d 614 (3d Cir. 1989); *see also* Advisory Committee Note (2006) ("Because the Rule 50(b) motion is only a renewal of the preverdict motion, it can be granted only on grounds advanced in the preverdict motion.")).

Defendant argues that Plaintiff reserved the right to raise such motions but in fact failed to raise any such motions and instead merely responded to Defendant's Rule 50 motions. (Def.'s Br. at 26.) Plaintiff disagrees and cites the trial transcript for the proposition that the jury recessed and "counsel for both sides argued their respective Rule 50 Motions." (Pls.' Reply Br. at 2 (citing 5/2/08 Tr. at 128-205, Pls.' Ex. 1).) Plaintiffs claim that the court acknowledged their Rule 50 motion on the constitutional claim and that the court had to recess proceedings before counsel could make any additional arguments. (Pls.' Reply Br. at 2.)

It cannot be disputed that Plaintiffs filed no written Rule 50 motions, as the court's docket indicates that no such pleadings were ever filed.[3] The court is therefore left to examine the transcript to determine whether Plaintiffs made an oral Rule 50 motion. Plaintiffs reserved the right to make such motions. The court had the following colloquy with Ms. Victor, Plaintiffs' counsel, and Mr. Addis, Defendant's counsel:

---

[3]Defendant, meanwhile, filed several written motions under Rule 12 and Rule 50 before the court took them under advisement and instructed the jury. [Dkt. ## 228, 233, 235-36, 238.]

| | | |
|---|---|---|
| Ms. Victor: | Yes, Your Honor. Before I make this statement, I wish to reserve after Mr. Addis has rested the necessary things that lawyers do when one side rests or the others with relation to motions. |
| Court: | Rule 50 motions. |
| Ms. Victor: | Correct. I'd like to reserve my Rule 50 motion for later so we can keep proceeding on. |
| Court: | Is that acceptable with you, Mr. Addis, that that can be elaborated upon when the jury is recessed? |
| Mr. Addis: | By both parties? |
| Court: | Well, yes, both parties. You both have an equivalent position, I think, under Rule 50. |
| Ms. Victor: | I just have to make it at this time. |
| Court: | Understood. I think you've successfully preserved that position. |
| Ms. Victor: | Thank you, Your Honor. And then with respect to that, Your Honor, we have no rebuttal and we rest. |

(5/1/08 Tr. at 127-28, Pls.' Reply Br., Ex. 1.)

There is a distinction between reserving and actually exercising a procedural right. Plaintiff's expressed intent to bring a Rule 50 motion does not necessarily mean that Plaintiff in fact moved for Rule 50 relief. The court's review of the transcript indicates that the oral argument Plaintiffs presented to the court was exclusively addressed in response to Defendant's duly filed motions for judgment as a matter of law.

The court excused the jury for the day and stated that it would work hard to ready the case for closing arguments and jury instructions the following morning. (*Id.* at 129-31.) After the jury was excused, the court remarked that "Ms. Victor said she wants to elaborate to some extent on her Rule 50 opportunity." (*Id.* at 131.) The court then stated, "I focus here upon the motions that have already been filed by defendants."

7

(*Id.*)  The initial discussion and argument centered upon whether Vicari and Roncelli, the individual Plaintiffs, should be dismissed from the case.  (*Id.* at 131-144.)

The discussion then turned to whether Defendant's Rule 50 motion should be granted with respect to dismissing Plaintiffs' constitutional claim.  (*Id.* at 145.) Defendant presented its argument for why the constitutional claim should not go to the jury, focusing upon the evidence regarding the key March 23, 2006 vote of the MCPRC. (*Id.* at 146-156.)  Then Plaintiffs' counsel presented a contrary argument, answering the court's questions about the nature and content of the testimony Plaintiffs relied upon to show a question of fact with respect to the constitutional claim.  (*Id.* at 156-169.)  The court expressed its provisional view that no evidence supported Plaintiffs' constitutional claim and that Defendant's motion should be granted:

> [D]epending on the facts of that case there certainly is the academic possibility that such evidence will emerge.  I mean, if the evidence exists then my conclusion in this case is, I'm pointing toward this conclusion, that the evidence in this case simply doesn't exist, that you don't, that you don't have it.
>
> There aren't any board members who have been, who have either admitted to an acknowledgment of the situation, like that it's [Plaintiffs'] property, we know, and we're going to take it anyway . . . . there's nothing attributed to these people that runs in that direction.
>
> There's scant evidence that would be inferential, in other words, that circumstances would point in that direction.  It's very clear that there was a difference of opinion amongst the board members . . . . There was certainly a difference of opinion about how this contract should be interpreted with respect to the parking.  There's no doubt about that. There's no doubt that the vote was aimed at, let us say, bringing that issue to a head, at least that.
>
> But beyond that is your challenge for plaintiffs . . . . [T]he evidence needs to support a jury being able to go beyond that point of disagreement, that may be in the realm of good faith or it might be a little beyond the realm of reasonable interpretation.
>
> . . .

8

> Negligence in the execution of public duties is not unconstitutional. It's unfortunate. We certainly hope it would happen less. But it happens all the time without violating people's constitutional rights. What you need to point to, I think, in this regard, is evidence from which a reasonable jury could say that a sufficient number of these board members acted with the intention to deprive Hillside wrongfully the property to which they were entitled beyond a mere plausible interpretation of contract obligations and so forth.
>
> Beyond that point and off into the realm of abuse of governmental authority, targeting a vulnerable contractual partner to try to make a power grab, a property grab, at an opportune time.
>
> If there's evidence pointing to knowledge and intention to act on that knowledge in that regard, then the jury's going to get it. But if the evidence is as I've recited it here . . . for example, completely contradicted by the board members themselves under oath and without any substantial contradiction when they were testifying, if that's all we have, then this constitutional claim, I think, fails.

(*Id.* at 171-73.)

Plaintiffs then presented argument aimed at persuading the court to be inclined otherwise and to deny Defendant's Rule 50 Motion. (*Id.* at 173-85.) The court turned to a part of its jury instructions and sought comment from both sides about whether the court's statement of law was accurate. (*Id.* at 185-87.) The court added, importantly, that it considered an addition to the definition of arbitrary and capricious in the jury instructions, "*assuming that this goes to the jury.*" (*Id.* at 187.)

Describing the length and complexity of the trial testimony implicated by Defendant's motions, the court stated, "it would be great to have all of this testimony completely memorized and at one's fingertips, but it has been a bit of a long trial. And Mr. Addis, it may be a better thing to allow the jury, to simply reserve on these Rule fifties and allow the jury to make a determination, but I want to hear your comment, your wrapups." (*Id.* at 188.) Mr. Addis reiterated arguments in support of Defendant's

9

motions. (*Id.* at 188-98.)

The court then asked what harm or prejudice would result for Defendant if the Rule 50 motions were taken under advisement. In the court's view, the jury verdict would either render the motions moot or not factor into the frozen record that would support or not support Defendant's motions. (*Id.* at 198-99.) The court heard Defendant's points about jury confusion and asked Plaintiffs for "anything final on this point? This is the Rule 50 on the constitutional claim."[4] (*Id.* at 199-202.) Plaintiff presented some final argument in opposition to Defendant's Rule 50 motion. (*Id.* at 202-05.)

The court concluded proceedings on May 1, 2008 with the following:

> We may be at a point tomorrow morning where I'm going to have to tell the jury to come back on Monday for instructions and argument. We may not be able to instruct the jury tomorrow. I am unsure about that. Eight-thirty. We'll see you then, counsel.

(*Id.* at 205.) The following morning, the court announced its decision to reserve the Rule 50 motions.

> [A]ll pending Rule 50 motions are going to be reserved. I will not grant or deny any. Principally, I rely upon the complexity and depth of the record. The record has not been produced in official form, nor in its final form, at least, nor have counsel had a reasonable opportunity to delve into the record sufficiently, I think, to support either their contentions or their responses to contentions with respect to lack or record support for various propositions and so forth.

---

[4]In this context, the court views its statement concerning "the Rule 50 on the constitutional claim" as referring exclusively to Defendant's motion for judgment as a matter of law on Plaintiffs' constitutional claim. The surrounding exchange makes no explicit reference or implicit suggestion that Plaintiff moved for judgment as a matter of law on the constitutional claim.

10

> We had a vigorous discussion yesterday, an informative discussion, but I view it as a prelude to possible later argument. And the Court reserves, shall we say, the right to be persuaded at a later time.

(5/2/08 Tr. at 3, Pls.' Reply Br., Ex. 2.)

This somewhat lengthy review of the transcript is necessary to prove this negative: Plaintiffs never made a motion on the record under Rule 50 before the verdict was rendered. The arguments presented were oriented without fail toward defending against Defendant's Rule 50 motions. Because Rule 50(b) is limited to *renewed* motions, *see Bolt*, 106 F.3d at 160, Plaintiffs may not rely upon the mere general statement that they reserved their right to move for relief under Rule 50. Having reserved the right, Plaintiffs never raised an issue, a count or another component of the case that might entitle them to judgment as a matter of law. Rather, they sought a jury determination of their claims, arguing against the judgment as a matter of law that Defendant sought. Plaintiffs' failure to raise any grounds for Rule 50 relief before the verdict is fatal to their attempt to raise new grounds post-verdict. The Sixth Circuit has articulated the policy underlying Rule 50 as "to narrowly restrict the grounds used to overturn a jury verdict by requiring that parties raise important issues *before* the case is submitted to the jury." *Id.* (emphasis in original). With respect to the parking revenue and the constitutional claim, Plaintiffs simply raised no grounds in their favor for judgment as a matter of law. The transcript is silent on the other issues in their pending motion - gross ticket sales revenue and the food and beverage service agreement. The procedural bar against Plaintiffs' Rule 50 motion thus cannot be surmounted, and for this reason the court must deny Plaintiffs any requested relief under Rule 50.

## 2. New Trial

Plaintiffs seek alternative relief of a new trial under Federal Rule of Civil Procedure 59, which authorizes the court to grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Fed. R. Civ. P. 59(a)(1)(A). The procedural bar against Plaintiffs' Rule 50 motion extends to preclude any Rule 59 motion raising insufficient evidence for the jury's verdict as the grounds for relief. *See, e.g.*, *ICP Industries, Inc. v. Uniroyal, Inc.*, 661 F.2d 542, 545 n.2 (6th Cir. 1981) ("A motion for judgment [NOV] cannot be entertained unless the moving party has made a timely motion for a directed verdict at the close of all the evidence."); *Southern Railway Co. v. Miller*, 285 F.2d 202, 206 (6th Cir. 1960) ("No motion for directed verdict having been made, the question of the sufficiency of the evidence to support the jury's verdict is not available as a ground for a motion for new trial."). Accordingly, Plaintiff may not seek a new trial on the grounds that the jury had insufficient evidence for its verdict (1) awarding $21,930 to Defendant for 1% of gross ticket sales revenue, (2) finding that Defendant did not violate Plaintiffs' substantive due process rights, (3) awarding zero dollars to Hillside for Defendant's breach of contract involving parking revenues and (4) finding that Defendant did not breach the food and beverage agreement.

The final issue Plaintiffs raise is whether the court should grant a new trial because "the jury's verdict was improperly influenced or was otherwise unfair." (Pls.' Br. at 14.) Plaintiffs' argument relies upon three sub-parts: (1) admission of evidence concerning advice of counsel, (2) admission of Fifth Third Bank documents and (3)

improper conduct of Defendant's counsel.[5]

Regarding advice of counsel, the court denied Plaintiffs' earlier motion in limine, finding that Defendant would not rely on advice of counsel as an affirmative defense and that such evidence was therefore not relevant to any fact of consequence in the case. (11/6/07 Order at 5-11.) The court's prospective view proves true in retrospect, as Defendant in fact presented no such defense at trial. While certain witness testimony touched upon advice of counsel, it did so in a tangential way and not with the effect of suggesting to the jury that Defendant simply followed the advice of counsel and should therefore not be held liable. Evidentiary rulings fall within the broad discretion of the district court, *Conklin v. Lovely*, 834 F.2d 543, 551 (6th Cir. 1987), and a new trial is proper only when an abuse of discretion has a substantial effect on the final result. *See Leonard v. Uniroyal, Inc.*, 765 F.2d 560, 567 (6th Cir. 1985); *In re Air Crash Disaster*, 86 F.3d 498, 526 (6th Cir. 1996). Because the challenged evidence constituted a small portion of a nearly month-long trial and did not relate to an actual defense, the court finds that Plaintiffs were not prejudiced by a substantial effect on the final result that would warrant granting a new trial. Further, the court provided the jury with lengthy jury instructions and a verdict form that Plaintiffs had every opportunity to shape with the

---

[5]In a footnote, Plaintiffs argue that two witnesses should have been excluded under Federal Rule of Civil Procedure 37 because Defendant "refused to produce them for deposition at any time during discovery." (Pls.' Br. at 16 n.3.) Defendant disputes Plaintiffs' characterization that it refused to produce the witnesses. (Def.'s Resp. at 29.) Without deciding that matter, the court finds that Plaintiffs' argument lacks meaningful articulation of how the failure to exclude these witnesses resulted in prejudice that would merit granting a new trial. The court therefore rejects these grounds for a new trial.

court, and those instructions would cure putative evidentiary defects that are minor when viewed in context.

The same reasoning applies to Plaintiffs' argument concerning the Fifth Third Bank documents. The court is not persuaded that these documents were a "surprise" that improperly influenced the jury's deliberations. Plaintiffs failed to object to this evidence when it was admitted, and the court is not convinced that any particular unfair emphasis placed on these documents should occasion undoing the lengthy trial. The court therefore concludes that a new trial is not warranted on these grounds, as Plaintiffs have not shown an abuse of discretion that had a substantial effect on the outcome of trial. *Conklin*, 834 F.2d at 551; *Leonard*, 765 F.2d at 567; *In re Air Crash Disaster*, 86 F.3d at 526.

With respect to the alleged misconduct of counsel, Plaintiffs raise isolated moments in a lengthy trial. Even if the court accepts Plaintiffs' characterization of counsel's misconduct, it fails to rise to the level that the trial must be considered unfair, fundamentally flawed, or otherwise crying for the remedy of a new trial. As a general matter, where counsel's comments drew no timely objection there must be clear prejudice that would justify a new trial. *See*, *e.g.*, *United States v. Socony-Vacuum Oil Co.*, 310 U.S. 150 (1939). Further, the court instructed the jury to not consider the arguments of counsel as evidence. (Jury Instructions at 4-5.) Courts presume that the jury followed instructions and reviewed the evidence for its proper purpose. *See*, *e.g.*, *Francis v. Franklin*, 471 U.S. 307, 324 n.9 (1985). Accordingly, the court finds that the

alleged misconduct of Defendant's counsel fails to constitute sufficient grounds for a new trial.

## IV. CONCLUSION

IT IS ORDERED that "Defendant's Renewed Motion for Judgment as a Matter of Law" [Dkt. # 259] is DENIED.

IT IS FURTHER ORDERED that Plaintiffs' Motion for Judgment as a Matter of Law, or in the Alternative, for New Trial [Dkt. # 261] is DENIED.

        S/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: August 28, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 28, 2008, by electronic and/or ordinary mail.

        S/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522