**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

        Plaintiffs/Counter-Defendants,

                                    Case No. 06-11566

v.

COUNTY OF MACOMB

        Defendant/Counter-Plaintiff.
_____/

**OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SANCTIONS**

Pending before the court is Defendant County of Macomb's ("County's") "Motion for Sanctions Pursuant to Fed. R. Civ. P. 37," filed on September 11, 2008.[1] The matter has been briefed and the court concludes that a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will deny the County's motion.

**I. BACKGROUND**

Plaintiffs Hillside Productions, Inc. ("Hillside"), Gary Roncelli, and Joseph Vicari filed this action on March 31, 2006, raising various federal and state law claims against the County. Specifically, Plaintiffs brought breach of contract and constitutional claims, all stemming from Plaintiffs' operation of the Freedom Hill Amphitheater. Plaintiffs' substantive due process claim was the only constitutional claim that remained after motion practice. The County counterclaimed for breach of contract.

---

[1] The court apologizes for the unusual delay in resolving this motion, and it thanks counsel for their patience and for their periodic reminders of the pendency of this motion.

After a month long trial, the jury found: (1) the County did not act arbitrarily and capriciously in dealing with Plaintiffs; (2) Plaintiffs suffered no damages related to the County's breach of the parking revenue agreement; (3) the County did not materially breach its security provision agreement; (4) the County did not materially breach its food and beverage service agreement by refusing to allow improvements to the Amphitheater; (5) Hillside did not materially breach its parking-revenue and advertising-revenue sharing agreements with the County; (6) Hillside breached its ticket-revenue sharing agreement with the County causing $21,931 in damages; (7) Hillside did not breach any agreement with the County by failing to obtain approval for improvements made to the Amphitheater; and (8) Hillside breached the food and beverage service agreement but no damages resulted. (Verdict Form 1-6.)

## II. STANDARD

"Federal Rule of Civil Procedure 36 governs requests for admission, and Federal Rule of Civil Procedure 37(c) allows for an award of costs and reasonable attorney's fees in cases in which a party does not comply with Rule 36." *Kasuri v. Saint Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 855 (6th Cir. 1990). Specifically, Rule 37(c) provides:

> If a party fails to admit what is requested under Rule 36 and if the requesting party later proves a document to be genuine or the matter true, the requesting party may move that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The court must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
> (B) the admission sought was of no substantial importance;
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2). Thus, a court must award Rule 37(c) attorney's fees if: (1) a

2

responding party fails to admit a request; (2) the requesting party later proves the matter; and (3) none of the four, listed exceptions apply.

### III. DISCUSSION

**A.    Timeliness**

As an initial matter, Plaintiffs argue that the court's power to address this motion is unclear because the County has appealed. (Pls.' Resp. at 2). The court's power is, in fact, clear. *Kasuri*, 897 F.2d at 856 (Motion was timely even though it was filed after notice of appeal, because Rule 37 "is silent on the issue of timing, and because the advisory committee note does indicate that Rule 37(c) was designed to provide post-trial relief."). The court will therefore rule on the County's motion.

**B.    Analysis**

The County asks for attorney's fees related to Plaintiffs' responses to six requests for admissions.[2] The six requests for admission are addressed below in turn.

*1. Request No. 21*

In request no. 21 of its fifth set of discovery requests, the County asked Plaintiffs to

> Admit that any and all costs, fees and obligations, in whole or in part, relative to the construction of a roof over the Freedom Hill Amphitheater were paid to, reimbursed or otherwise tendered to Plaintiffs in connection with the settlement of a lawsuit with the City of Sterling Heights.

Plaintiffs denied the request without explanation. The County argues that it is entitled to attorney's fees.

---

[2] The court notes that the County's objections concern a relatively small number of its total requests for admission. In its fifth, sixth, and eighth sets of discovery requests, alone, the County submitted nearly fifty requests for admission to Plaintiffs.

3

An award under Rule 37(c)(2) compensates for only "reasonable expenses *incurred*" while proving the denied matter. Fed. R. Civ. P. 37(c)(2) (emphasis added). Accordingly, Rule 37(c)(2) awards are inappropriate where the denied admission is proven with evidence that the requesting party would have offered regardless of the denial. *See McHugh v. Olympia Entm't*, 37 F. App'x 730, 743 (6th Cir. 2002) (award inappropriate because there was no "unnecessary expense" where defendant had to present evidence of a fact closely related to that denied). Here, the County suggests that the Sterling Heights Settlement Agreement ("Settlement Agreement") proves request no. 21. Assuming that the County is correct, it nevertheless incurred no expense in proving the matter, because the County would have offered the Settlement Agreement regardless of the denial. The County offered the Settlement Agreement to refute several of Plaintiffs' claims unrelated to request no. 21, including claims involving disputes over a liquor license and the provision of security. (Def.'s Mot. to Admit the Settlement and Release Agreement Between Pls. and the City of Sterling Heights at 3-6.) The County did not incur any expenses in proving request no. 21, and an award of attorney's fees is therefore inappropriate.

*2. Request No. 31*

In request no. 31 of its fifth set of discovery requests, the County asked Plaintiffs to

> Admit that the allocation of parking revenues, as described in Paragraph 2 of the Second Amendment to Sublease Agreement, attached as Exhibit C to Plaintiffs' Complaint, was intended to reimburse Plaintiffs for underground improvements previously made by Plaintiffs in connection with the Freedom Hill Amphitheater.

Plaintiffs denied the admission, stating that they were forced to sign the Second

Amendment to the Sublease Agreement ("Second Amendment") and that they had no knowledge of the County's intent.  The County argues that the Second Amendment, which states that the parking revenue was in consideration of Plaintiffs' waiver of reimbursement for the underground improvements, proves request no. 31.  Assuming that the Second Amendment proves the request for admission, the County's argument for attorney's fees fails.  The Second Amendment was central to the litigation and would have been offered into evidence regardless of the denial.  Moreover, the Second Amendment was offered by Plaintiffs.  (Def.'s Mot. Br. at 5.)  The County incurred no costs in proving request no. 31, and an award of attorney's fees is therefore inappropriate.

*3. Request No. 42*

In request no. 42 of its fifth set of discovery requests, the County asked Plaintiffs to

> Admit that certain property taxes in connection with Plaintiffs' operation of the Freedom Hill Amphitheater were returned, reimbursed, compensated, dismissed, refunded or relieved by the City of Sterling Heights.

Plaintiffs responded that they could neither admit nor deny the request, because they did not know to which taxes the County was referring.  Plaintiffs further denied that the City "returned, reimbursed, compensated, dismissed, refunded or relieved" any taxes to Plaintiffs.  Instead, Plaintiffs argue that the denial was appropriate because the City agreed "not to assert" tax liability, which is different from returning, reimbursing, compensating, dismissing, refunding, or relieving.  It appears to the court, however, that agreeing "not to assert" tax liability could be equated with "relieving" tax liability. Assuming the Settlement Agreement proves request no. 42 (as the County argues), no

5

attorney's fees are appropriate for the same reason as request no. 21–the County incurred no expense in proving the matter at trial.

*4. Request No. 48*

In request no. 48 of its fifth set of discovery requests, the County asked Plaintiffs to

> Admit that Paragraph 4 of the First Amendment to Sublease Agreement, attached as Exhibit B to Plaintiffs' Complaint, was not specifically amended by the Second Amendment to Sublease Agreement and remained in full force and effect upon the execution of the Second Amendment to Sublease Agreement, attached as Exhibit C to Plaintiffs' Complaint.

Plaintiffs denied the request and referred the County to the language of the Second Amendment and the First Amendment to the Sublease Agreement ("First Amendment"). The County argues that the request was proven at trial by the First and Second Amendments and by Henry Riberas's and Joseph Vicari's testimony.  Assuming that the County is correct, any expenses incurred in proving the matter were de minimis.  The court notes that the County has not filed the required affidavit "setting out in detail the number of hours spent on each aspect of the case, the rate customarily charged by counsel for such work, the prevailing rate charged . . . and any other factors which the court should consider."  E.D. Mich. LR 54.1.2(b).  In spite of the County's failure to follow local rules, the court can infer the expenses with enough precision to dispose of the County's motion.  As noted above, Plaintiffs offered the Second Amendment. Moreover, both Amendments were central to the litigation and would have been offered into evidence regardless of whether Plaintiffs denied request no. 48.  The other evidence that the County points to as proving request no. 48 is just a single page of testimony out of a month-long trial.  Accordingly, the County's expenses in proving

6

request no. 48 were de minimis, and an award of attorney's fees is inappropriate.

### 5. Request No. 101

In request no. 101 of its fifth set of discovery requests, the County asked Plaintiffs to

> Admit that Plaintiffs were aware prior to the execution of the Sublease Agreement that the property subject to the Sublease Agreement included property that was a former landfill operated by the South Macomb Disposal Authority.

Plaintiffs denied the request without explanation.  The County argues that Henry Riberas's testimony proves request no. 101.  He testified that "everyone knew for many years that the Freedom Hill Park was located on a former landfill.  It was just common, community knowledge."  (Def.'s Mot. Br., Ex. E.)  The court is satisfied that this testimony was enough to prove the matter at trial, and that Plaintiffs had no reasonable expectation of prevailing on the matter.  Attorney's fees are, however, still inappropriate.  The County was able to prove Plaintiffs' knowledge of the landfill with just several lines of testimony out of a month-long trial.  The expenses incurred in proving the matter were de minimis, and an award of attorney's fees regarding request no. 101 is therefore inappropriate.

### 6. Request No. 10

In request no. 10 of its eighth set of discovery requests, the County asked Plaintiffs to

> Admit that for the 2004 season Hillside Productions, Inc. sold approximately One Million Six Hundred Thousand dollars in sponsorship agreements for the Freedom Hill Amphitheater.

Plaintiffs denied the request without explanation.  The County argues that the following testimony by Thomas Bommarito (Hillside's sponsorship salesperson) proves this request:

> Q: Sir, when you sell a sponsorship, can you identify for me, sir, how much in sponsorship was sold by Hillside in 2001?
>
> A: Not offhand, no.
>
> Q: No idea? How about 2002?
>
> A: I would just be guessing.
>
> Q: 2003?
>
> A: Same?
>
> Q: 2004?
>
> A: Again it would just be a guess.
>
> Q: 2005 or '06?
>
> A: I'd have to guess.
>
> Q. Well, if I were to suggest to you in 2004, approximately 1.5 or 1.6 million in advertising sponsorships were sold, would you disagree with that?
>
> A. No.
>
> Q. That would be about right?
>
> A. Sounds about right.

(Def.'s Mot. Br., Ex. G.)  Even assuming this was enough to prove that the Hillsdale sold 1.6 million in sponsorships in 2004, the County would still not be entitled to attorney's fees.  Rule 37(c)(2) attorney's fees are not appropriate if "the party failing to admit had reasonable ground to believe that the party might prevail on the matter."  Rule

8

37(c)(2)(C). The evidence cited by the County is equivocal, and even if it was enough to prove the matter at trial, it is not enough to establish that it was unreasonable for Plaintiffs to believe that they might prevail on the matter. Accordingly, attorney's fees are inappropriate regarding Plaintiffs' denial of request no. 10.

### IV. CONCLUSION

Rule 37(c)(2) attorney's fees are inappropriate here because the County incurred no expenses in proving requests 21, 31, 42, 48, and 101; and Plaintiffs had reasonable ground to believe that they could have prevailed regarding request 10.

IT IS ORDERED that the County's "Motion for Sanctions Pursuant to Fed. R. Civ. P. 37" [Dkt. # 274] is DENIED.

  s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 24, 2009

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 24, 2009, by electronic and/or ordinary mail.

  s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522