**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

HILLSIDE PRODUCTIONS, INC., GARY
RONCELLI and JOSEPH VICARI,

      Plaintiffs/Counter-Defendant,

v.                                                                               Case No. 06-11566

COUNTY OF MACOMB,

      Defendant/Counter-Plaintiff.

_____/

**ORDER DENYING MOTION TO RECONSIDER**

Plaintiffs have moved the court to reconsider its August 17, 2010 "Order Overruling Plaintiffs' Objections to Taxed Bill of Costs." Plaintiffs contend that the court's order miscalculates the time for filing objections to the taxed bill of costs, and "submit that this Court may have inadvertently not have considered Fed. R. Civ. P. 6(e), which provided for an additional three days for a party to act when service is made by means other than personal service." (Pl.'s Mot. ¶ 11.)

To prevail on their motion to reconsider, Plaintiffs "must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(h)(3). Federal Rule of Civil Procedure 6(d) provided[1]:

---

[1] Rule 6 of the Federal Rules of Civil Procedure was amended on April 30, 2007, effective December 1, 2007, and then again on March 26, 2009, effective December 1, 2009. The rule in effect in July 2008 was therefore the rule that went into effect December 1, 2007. There was no subpart (e) of Rule 6 in that version of the rules. Thus the court assumes that Plaintiffs are referencing subpart (d), rather than subpart (e).

> Additional Time After Certain Kinds of Service. When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a).

The referenced Rule 5(b)(2)(C)-(F) provided:

> (b) Service: How Made.
> . . .
> (2) Service in General. A paper is served under this rule by:
> . . .
> (C) mailing it to the person's last known address—in which event service is complete upon mailing;
> (D) leaving it with the court clerk if the person has no known address;
> (E) sending it by electronic means if the person consented in writing—in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person to be served; or
> (F) delivering it by any other means that the person consented to in writing—in which event service is complete when the person making service delivers it to the agency designated to make delivery.

Rule 6(d) commands that three days shall be added to the clock "[w]hen a party . . . must act within a specified time after service and service is made." Fed. R. Civ. P. 6(d). Thus, Rule 6(d) is only applicable where *service* is the method by which the filing period is started. The "Taxed Bill of Costs," by contrast, provides a different starter for the clock: "*After the taxation clerk has taxed costs*, counsel for either side may, within five (5) days, file objections." (Taxed Bill of Costs 1 (emphasis added).) The five-day time period for filing starts with the action of the taxation clerk, and not with service. Rule 6(d) is inapplicable.

Well short of any "palpable defect," Plaintiffs' motion reveals no defect at all. Accordingly,

2

IT IS ORDERED that Plaintiffs' "Motion . . . for Reconsideration" [Dkt. # 326] is DENIED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: September 29, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 29, 2010, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522